WHITE AND WILLIAMS LLP
BY: Michael O. Kassak, Esquire (MK-9317)
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ  08002
856-317-3600
Attorney for Defendant The Chubb Corporation d/b/a
Chubb Group of Insurance Companies

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE MINKOFF and DIANE MINKOFF | : CIVIL ACTION |
| Plaintiffs, | : 3:08-cv-06379 (MLC-TJB) |
| v. | : |
| THE CHUBB CORPORATION d/b/a CHUBB GROUP OF INSURANCE COMPANIES and GREAT NORTHERN INSURANCE COMPANY | : |
| Defendants. | : |

**THE CHUBB CORPORATION D/B/A CHUBB GROUP OF INSURANCE COMPANIES'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

5050323v.1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF UNDISPUTED FACTS ...........................................................................1

LEGAL ARGUMENTS...........................................................................................................2

    A.  Standard for R.12(b)(6) motions................................................................................2

    B.  Plaintiffs' complaint fails to state a claim against The Chubb Corporation ..................2

    C.  In the alternative, in the event the Court is not inclined to dismiss the claims against The Chubb Corporation on the pleadings, the Certification of W. Andrew Macan establishes that defendant The Chubb Corporation and Great Northern Insurance Company are separate legal entities and there is no basis for Plaintiffs' claims against The Chubb Corporation....................................................3

CONCLUSION.........................................................................................................................6

# TABLE OF AUTHORITIES

## CASES

Angstadt v. Midd-West Sch. Dis., 377 F.3d 338 (3d Cir. 2004) ...........................................2

In re Bayside Prison Litigation, 190 F. Supp. 2d 755 (D.N.J. 2002).....................................2

Crown Central Petroleum Corp. v. Waldman, 634 F.2d 127 (3d Cir. 1980).........................3

Filenet Corp. v. Chubb Corp., 324 N.J. Super. 419, 735 A.2d 1170 (App. Div. 1999) ........................................................................................................................5

Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507 (6th Cir. 1999).................................2

Interfaith Community Organization v. Honeywell Intern., Inc., 215 F. Supp. 2d 482 (D.N.J. 2002).............................................................................................4

Jackson v. Chubb Corp., 45 Fed.Appx. 163, 2002 WL. 2004712 (3d Cir. 2002) ...............5

Levy v. Chubb Corp., 2001 WL. 204793 (N.D.Ill. 2001) ....................................................4

Miles v. American Tel. & Tel. Co., 703 F.2d 193 (5th Cir. 1983) ........................................4

Smith v. S&S Dundalk Engineering Works, Ltd., 139 F. Supp. 2d 610 (D.N.J. 2001) ..............................................................................................................4

Turner-Adeniji v. Accountants on Call, 92 F. Supp. 645 (D.N.J. 1995) ..............................2

## STATUTES

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 2

Fed. R. Civ. P. 56............................................................................................................1, 4

## PRELIMINARY STATEMENT

Defendant The Chubb Corporation d/b/a Chubb Group of Insurance Companies ("TCC.") now moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Plaintiffs' complaint. In the alternative, TCC moves, pursuant to Fed. R. Civ. P. 56, for summary judgment. In support, Defendant TCC avers as follows.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant The Chubb Corporation d/b/a Chubb Group of Insurance Companies submits the following statement of material facts:

1. Plaintiffs Lawrence and Diane Minkoff ("Minkoffs" or "Plaintiffs") assert claims against TCC arising out of a dispute over claims submitted under a homeowner's insurance policy. See Plaintiffs' Complaint attached hereto as Exhibit A to the Certification of W. Andrew Macan.

2. TCC did not issue the insurance policy upon which Plaintiffs sue. See Policy attached hereto as Exhibit B to the Certification of W. Andrew Macan.

3. In fact, TCC is not in the business of writing and issuing insurance policies. See Macan Certification at ¶ 7.

4. Because TCC is not a party to the subject insurance policy, it cannot be liable for its breach, even if there was such a breach. It follows that Plaintiffs' breach of contract and declaratory judgment claims must be dismissed.

5. Moreover, any persons whose actions may allegedly form the basis for Plaintiffs' claims are not, and were not during the relevant times, employees of TCC. See Macan Certification at ¶¶ 8 and 14. It follows that there is no basis for holding TCC liable for the actions of those individuals.

## LEGAL ARGUMENTS

**Plaintiffs' complaint must be dismissed as to Defendant The Chubb Corporation.**

### A.     Standard for R.12(b)(6) motions.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) may be granted only if accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Turner-Adeniji v. Accountants on Call, 92 F.Supp. 645, 647 (D.N.J. 1995).

The Court, when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings." Angstadt v. Midd-West Sch. Dis., 377 F.3d 338, 342 (3d Cir. 2004). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Id.; see also In re Bayside Prison Litigation, 190 F.Supp.2d 755, 760 (D.N.J. 2002). The attachment of the insurance policies referred to throughout the complaint do not require that a motion to dismiss be converted into a motion for summary judgment because they may be considered part of the pleadings. Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999).

### B.     Plaintiffs' complaint fails to state a claim against The Chubb Corporation.

Plaintiffs' complaint seeks a declaration of the parties' rights under an insurance contract and contains claims arising out of an alleged breach of said insurance contact. The policy at issue in Plaintiffs' complaint plainly states it was issued by Great Northern Insurance Company ("Great Northern"). See Exhibit B to the Macan Certification at the Coverage Summary page.

Therefore, the contract referenced in Plaintiffs' complaint was clearly between the Minkoffs and Great Northern. Plaintiffs' efforts to include TCC as a defendant are simply without basis. TCC was not a party to the contract from which Plaintiffs' claims arise.

Therefore, Defendant TCC is entitled to have all of Plaintiffs' claims against it dismissed with prejudice.

      **C.**    **In the alternative, in the event the Court is not inclined to dismiss the claims against The Chubb Corporation on the pleadings, the Certification of W. Andrew Macan establishes that defendant The Chubb Corporation and Great Northern Insurance Company are separate legal entities and there is no basis for Plaintiffs' claims against The Chubb Corporation.**

Rule 12(d) provides that a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a Rule 56 motion for summary judgment whenever matters outside of the pleadings are presented to and considered by the court. <u>Crown Central Petroleum Corp. v. Waldman</u>, 634 F.2d 127, 129 (3d Cir. 1980). In the event the Court is not inclined to dismiss the claims against TCC on the pleadings, the Certification of W. Andrew Macan establishes that defendant The Chubb Corporation and Great Northern are separate legal entities and there is no basis for Plaintiffs' claims against TCC. TCC respectfully requests that the Court convert this motion to a motion for summary judgment and provide Plaintiffs with at least 10 days notice of the conversion prior to the return date.

The conversion of this motion to one for summary judgment in no way impacts the merits of the motion. Summary judgment is to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." F.R.C.P 56(c).  The fact that TCC is not an insurance company and does not exercise control over Great Northern is not seriously in dispute.

Generally, it is "deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries." Interfaith Community Organization v. Honeywell Intern., Inc., 215 F.Supp.2d 482, 497 (D.N.J. 2002) *citing* Pearson v. Component Tech. Corp., 247 F.3d 471, 484 (3d Cir. 2001).  Proof of an identity of shareholders or of corporate directors and officers, or of domination by the parent of its subsidiary's affairs, will not justify treatment of the two as one business unit. Miles v. American Tel. & Tel. Co., 703 F.2d 193, 195 (5th Cir. 1983).  Nor does the parent's ownership of 100 percent of the subsidiary's stock alone defeat their separate existence. Id.

The burden rests with plaintiffs to demonstrate that the parent dominated the business activities of any of its subsidiaries or that it acted as the "alter ego" of the parent. Smith v. S&S Dundalk Engineering Works, Ltd., 139 F.Supp.2d 610, 620 (D.N.J. 2001).  Mere identity of corporate logos, without more, cannot be sufficient to establish that one company dominated another's business activities or acted as the alter ego of it. Id. at 621.

Plaintiffs cannot meet their burden here.  TCC is a publicly traded company on the New York Stock Exchange.  TCC is not an insurance company and is not licensed as an insurance company in any state. See the Certification of W. Andrew Macan at 7

Defendant TCC was not a party to the contract of insurance issued to Plaintiffs, and had no involvement whatsoever in the investigation or adjustment of Plaintiffs' claim under the Policy. See the Certification of W. Andrew Macan at ¶ 12.  Plaintiffs' claim was investigated by employees of Chubb & Son, a division of Federal Insurance Company, and manager for Great Northern. See the Certification of W. Andrew Macan at ¶14.  See also Levy

v. Chubb Corp., 2001 WL 204793 (N.D.Ill. 2001)(discussing the relationship between Chubb Corporation, Great Northern, Federal Insurance Company, and Chubb and Son); Filenet Corp. v. Chubb Corp., 324 N.J. Super. 419, 422, 735 A.2d 1170, 171 (App. Div. 1999)(summary judgment in favor of The Chubb Corporation was affirmed despite plaintiff's argument that "Chubb Corporation's dominance over Federal, Vigilant, and Pacific mandates the piercing of the corporate veil to prevent injustice").[1]

The parties to the contract at issue in this lawsuit were Plaintiffs and Great Northern. Great Northern is a separate legal entity from TCC and there is no basis to assert claims against TCC for any alleged tortious conduct of Great Northern. To the extent that a dispute exists as to the parties' rights and obligations under the subject insurance policy, that dispute is between Plaintiffs and Great Northern. Therefore, Defendant TCC is entitled to have all of Plaintiffs' claims against it dismissed with prejudice.

---

[1] It is believed that this District Court has previously determined The Chubb Corporation is a separate and distinct entity from its subsidiaries, and is not a proper party to a suit brought against a subsidiary. See Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166, 2002 WL 2004712, 2 (3d Cir. 2002).

## CONCLUSION

Based on the foregoing, it is respectfully requested that this Court grant Defendant TCC's motion to dismiss Plaintiffs' complaint.

                                                      WHITE AND WILLIAMS LLP

BY: _____
Michael O. Kassak, Esquire
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
Phone: 856.317.3600
Attorneys for Defendant,
The Chubb Corporation d/b/a Chubb Group of Insurance Companies

Dated: February 13, 2009